# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY MICHAEL LIBERTO, *et al.*,

Plaintiffs,

v.

KILOLO KIJAKAZI,[1]
*Acting Commissioner of Social Security*,

Defendant.

No. 4:17-CV-01348

(Chief Judge Brann)

(Magistrate Judge Arbuckle)

## <u>ORDER</u>

### NOVEMBER 24, 2021

Jeffrey Michael Liberto and Luisa Liberto (collectively "Plaintiffs") filed this action—which they later amended—seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Jeffrey's claim for supplemental security income.[2] In 2019, Magistrate Judge William I. Arbuckle issued a Report and Recommendation recommending that this Court affirm the Commissioner's decision and close this case.[3] This Court adopted the Report and Recommendation and affirmed the Commissioner's decision.[4]

Plaintiffs appealed the Court's decision and, in May 2020, the United States Court of Appeals for the Third Circuit issued its mandate in this matter and vacated the

---

[1]   Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, as the successor officer to Nancy Berryhill and Andrew Saul, former Acting Commissioner and Commissioner of Social Security, respectively, is automatically substituted as Defendant in this action.

[2]   Docs. 1, 9.

[3]   Doc. 20.

[4]   Doc. 21.

Court's decision.[5] Without reaching the merits of this Court's opinion, the Third Circuit raised concerns that Jeffrey may not be competent and therefore may not have knowingly and competently adopted Luisa's filings on his behalf.[6] The Third Circuit therefore remanded the matter for this Court to "inquire into whether Jeffrey has knowingly and competently proceeded pro se in this case."[7]

On remand, the Court referred this matter back to Magistrate Judge Arbuckle, who attempted on six occasions to schedule an evidentiary hearing to inquire as to Jeffrey's competence.[8] The evidentiary hearing was cancelled or rescheduled each time; the hearing was twice postponed due to COVID-19, but was postponed or cancelled on four other occasions due to Plaintiffs' actions. Finally, on November 5, 2021—after more than one year of fruitless efforts to schedule an evidentiary hearing—Magistrate Judge Arbuckle issued a Report and Recommendation recommending that this Court find that Jeffrey is legally competent to proceed in this matter and again affirm the Commissioner's decision denying him benefits.[9] No timely objections were filed to this Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[10] Regardless of whether timely

---

[5] Doc. 33.

[6] Doc. 33-2.

[7] Doc. 33-2 at 7.

[8] *See* Docs. 35, 38, 40, 42, 43, 51.

[9] Doc. 60.

[10] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

2

objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[11] Upon review of the record, the Court finds error—clear or otherwise—in Magistrate Judge Arbuckle's conclusion that Jeffrey is competent to proceed pro se in this matter. The Court therefore again affirms the Commissioner's underlying decision.

As a further matter, the Court notes that Magistrate Judge Arbuckle attempted several times to schedule an evidentiary hearing, but those efforts were stymied primarily by Plaintiffs and their intransigence with regard to attending an evidentiary hearing.[12] Any attempts to schedule an evidentiary hearing were dealt a definitive blow when Plaintiffs first informed the Court that they "do not feel safe in [the] Court" due to the Court's purported "bias and hostile comments and actions,"[13] and later stated that they could not attend a hearing in-person, telephonically, or by video because Jeffrey suffers from "severe meltdowns" when he attends a hearing,[14] and Luisa "suffer[s] from electrical hypersensitivity and hypersensitivity to high frequency sounds" which "greatly impair[ Luisa's] ability to function, think clearly, and even speak."[15] Luisa asserted that, by the end of a brief telephonic conference call with Magistrate Judge

---

[11]   28 U.S.C. § 636(b)(1); Local Rule 72.31.
[12]   *See* Docs. 35, 38, 40, 42, 43, 51.
[13]   Doc. 49 at 2.
[14]   This assertion is directly contradicted by Jeffrey's calm demeanor during a telephone call with Magistrate Judge Arbuckle. Doc. 60 at 17-18.
[15]   Doc. 58 at 1.

Arbuckle, she "felt so 'electrified' [that she] knew there was no way [that she] could attend another telephone conference or hearing by telephone (or internet)."[16]

The sum of this behavior indicates to the Court that Plaintiffs have failed to prosecute this case. The Court will therefore consider, in the alternative, whether to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 41(b). When considering whether to dismiss a complaint for failure to prosecute, courts should consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[17]

With regard to the first factor, Plaintiffs bear sole responsibility for their failure to prosecute this matter, as it was only they who refused to attend an evidentiary hearing. Second, Plaintiffs' failure to prosecute this matter has prejudiced Defendants, as this matter had dragged on unnecessarily for more than a year without resolution. Third, Plaintiffs' actions in this case—stringing the matter along and requesting a telephonic hearing before ultimately rejecting a telephonic hearing for patently unbelievable reasons—demonstrates a history of dilatoriness.  Fourth, given the ample leeway that Magistrate Judge Arbuckle provided Plaintiffs and the extraordinary efforts that he took to ensure that they could attend an evidentiary hearing, the Court concludes that Plaintiffs' failure to attend an evidentiary hearing is willful.

---

[16]   *Id.* at 1-2.
[17]   *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).

Fifth, because Plaintiffs are proceeding pro se and *in forma pauperis*,[18] no sanction other than dismissal would be effective.[19]   Finally, the Court has already concluded that Plaintiffs' claims are without merit. Accordingly, all six factors weigh in favor of dismissing Plaintiffs' complaint with prejudice, even if the Court did not enter judgment in favor of the Commissioner on the merits of this case. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge William I. Arbuckle's Report and Recommendation (Doc. 60) is **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**;

3. Final Judgment is entered in favor of Defendant and against Plaintiffs pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is direct to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[18]   Doc. 5.
[19]   *Briscoe v. Klem*, 538 F.3d 252, 262-63 (3d Cir. 2008).

5